UNITED STATES ex rel. MAYERFELD v. COMMANDING OFFICER, UNITED STATES ARMY, CAMP UPTON, YAPHANK, LONG ISLAND, N. Y.
Miscellaneous No. 828.

District Court, E. D. New York.
Sept. 17, 1943.

William Roth, of New York City, for relator.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

BYERS, District Judge.

Hearing on return to writ of habeas corpus.

The relator herein seeks to be released from military service through the agency of this proceeding, on the ground that his induction was the result of the arbitrary, capricious and illegal proceeding of the Local Board having jurisdiction over him at the time of his induction.

A careful examination of the records of the Board discloses that the various claims for deferment which he has made from time to time were considered, with the result that on October 1, 1942, he was placed in Class 3–A; under date of March 24, 1943, he was placed in Class 1–A; on March 29, 1943, he was reclassified IIIA3; on April 19, 1943, he was reclassified 1–A; that classification was continued under date of May 8, 1943, and May 24, 1943.

Under date of May 30, 1943, he took an appeal to the Appeal Board and on June 17, 1943, by unanimous vote the classification was sustained.

The papers reveal that these successive steps were accomplished in obedience to the law and the regulations; the present point of attack is that the Local Board failed to have the relator's wife reexamined by a physician touching her nervous condition, following an examination which was made by a physician named by the Board on March 16, 1943. That physician certified:

"I found the woman to be suffering from a very severe tension state which would undoubtedly go on to an open psychosis if she were required either to make plans for herself or to support herself.

"Emeline Place Hayward, M: D."

A record of the Board indicates that the entire situation was clearly understood and that the then reclassification of March 29, 1943, to IIIA3 was subject to review "in 3 months, and if thought advisable and possible at that time to have the whole matter looked into by an investigator".

Thereafter there was a hearing on May 24, 1943, which resulted in the classification from which the said appeal was taken.

The reasons actuating the Board appear from certain of the records and are clearly stated in a communication from the Government Appeal Agent, addressed to the Appeal Board under date of June 3, 1943.

I am satisfied from a review of the record that the Board exercised what it believed to be a discriminating judgment in reaching a conclusion as to the proper classification of the petitioner; in that it has been upheld by the reviewing authority possessing the requisite power to substitute its own judgment for that of the Local Board.

Even if this Court were to entertain a contrary opinion, which is not the case, it would not follow that either arbitrary or capricious conduct on the part of the Local Board could be thereby ascribed to its action.

Writ dismissed and relator remanded to the custody of his Commanding Officer.